JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Securities and Exchange Commission,<br><br>Defendant-Appellant,<br><br>vs.<br><br>Richard G. Sherman,<br><br>Plaintiff-Appellee.<br>_____ | Case No. CV 08-2517 CAS<br><br>**ORDER REVERSING DECISION OF THE UNITED STATES BANKRUPTCY COURT**<br><br>Bankruptcy No.   LA02-15059 BR<br><br>Adversary No.   AD07-01766 BR |

## I.   INTRODUCTION

This appeal presents an issue of first impression concerning the application of 11 U.S.C. § 523(a)(19), which was added to the Bankruptcy Code as part of the Public Company Accounting Reform and Investor Protection Act of 2002, Pub. L. No. 107-204, § 803(3), 116 Stat. 745, commonly referred to as the Sarbanes-Oxley Act. The issue to be decided is whether that section renders nondischargeable a debt that arises out of the violation of the federal securities laws where the debtor himself did not violate those laws.  The experienced bankruptcy judge who decided this issue held that the debt was dischargeable.  In so ruling, the Bankruptcy Court noted that this is a novel

issue that will surely be reviewed on appeal. Def.'s Opening Br., Ex. 5 at 46-47 ("I'm absolutely convinced . . . no matter what I do today, there will be at least two appeals or more . . . . It's a fascinating discussion and my opinion is having been in the appellate myself for almost 14 years."). This is an appeal from the bankruptcy judge's decision.

Familiarity with the background and procedural history of this case, set forth in prior opinions of the Court and the opinion of the Court of Appeals for the Ninth Circuit, In re Sherman, 491 F.3d 948 (9th Cir. 2007), is presumed

In summary, the Securities Exchange Commission ("SEC") obtained a judgment against Richard G. Sherman (hereinafter "Sherman") based on a finding by the Court that Sherman had obtained funds derived from a violation of federal securities laws to which he had no legitimate claim of ownership. The judgment required Sherman to disgorge those funds. Sherman sought bankruptcy protection four days before the Court held a hearing on whether disgorgement was required. Those proceedings were allowed to proceed pursuant to an exception to the automatic stay granted by the Bankruptcy Code in favor of regulators like the SEC. 11 U.S.C. § 362(b)(4). There is no question presented in this case about the authority of the SEC to seek and obtain an order requiring disgorgement of funds derived from a violation of the federal securities laws where those funds are held by a third party who has no legitimate claim to these funds, even though the third party did not violate the federal securities laws. See SEC v. Colello, 139 F.3d 674, 677 (9th Cir. 1998). The Ninth Circuit in this case cited case law upholding the SEC's authority in that regard and affirmed the judgment on the merits against Sherman. Id. at 959 ("The SEC obtained the disgorgement judgment against Sherman pursuant to Colello . . . [which] authorizes courts to order the disgorgement of ill-gotten gains held by third parties who are acting as depositories and have no legitimate claim to the funds . . . [t]he parties do not argue that the district court's disgorgement judgment was in error under Colello.").

The Ninth Circuit held, however, that the SEC had sought the wrong remedy to enable it to enforce its judgment against Sherman, namely a motion to vacate the order

of discharge of Sherman by the Bankruptcy Court. Because more avenues of relief are available under the Bankruptcy Code for the three abuses alleged by the SEC, "cause" within the meaning of Section 707 of the Bankruptcy Code did not exist to require that the order of discharge of Sherman be overturned. The Ninth Circuit specifically cited § 523(a)(19) as potentially providing an alternative avenue of relief in that regard. Sherman, 491 F.3d at 974-75 ("Our holding hardly leaves the SEC unprotected, as the SEC could have pursued – and did pursue – several vehicles for protecting itself. . . . the SEC may have been able – and may still be able – to avoid discharge of the contempt and disgorgement judgments under § 523."). The Ninth Circuit, however, did not decide whether § 523(a)(19) provides a remedy in the present case.

### III.   LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8013 provides:

> On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

U.S.C. Bankr. R. 8013. A "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States. v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Questions of law are reviewed de novo. In re Luna, 122 B.R. 575, 576 (9th Cir. BAP 1991).

### IV.   DISCUSSION

The sole issue to be decided on this appeal is whether the Bankruptcy Court erred in concluding that the debt in question is not excepted from discharge under 11 U.S.C. § 523(a)(19), which provides

>(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
>. . .
>
>(19) that--
>
>>(A) is for--
>>
>>>(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>>>
>>>(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>>
>>(B) results, before, on, or after the date on which the petition was filed, from--
>>
>>>(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>>>
>>>(ii) any settlement agreement entered into by the debtor; or
>>>
>>>(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

11 U.S.C. § 523(a)(19).

Sherman argues that § 523(a)(19) does not apply because he did not violate the federal securities laws. The SEC argues that § 523(a)(19) should apply because Sherman is, in effect, a constructive trustee of funds unlawfully obtained as a direct result of violations of the federal securities laws.

Sherman argues that it is the "consensus" view of courts that § 523(a)(19) applies only where the debt is the result of a securities law violation by the debtor himself. Id.

4

at 20-22 (citing In re Dupree, 336 B.R. 520, 527 (Bankr. M.D. Fla. 2005); In re Civiello, 348 B.R. 459, 467 (Bankr. N.D. Ohio 2006)). Sherman further contends that the Ninth Circuit did not find that his debt is "for" violation of the federal securities laws. Id. at 25. Sherman argues that Colello only bears upon the SEC's jurisdiction to pursue its claim and not whether the resulting judgment is dischargeable under § 523(a)(19). Id. Sherman further argues that the Ninth Circuit concluded that (1) he had "legitimately obtained [the funds] in the first place, but no longer [has] a valid claim to retain them" because they were "in excess of his fee for the services rendered" in the Oxford actions and (2) that he "was not found to have himself violated the securities laws and has not been alleged to have committed other acts of fraud by the SEC." Id. at 24, 27 (citing In re Sherman, 491 F.3d at 959).

The SEC argues in contrast that there is no "consensus" among courts that §523(a)(19) applies only when the debt derives from a securities law violation by the debtor. Id. at 10. The SEC contends that none of the cases cited by Sherman involved a nominal defendant and that In re Matthews is the only case presenting similar facts. Id. (citing Case No. 07-10108-BH (Bankr. W.D. Okla. Dec. 12, 2008) (holding that the defendant was nondischargeable where the plaintiff established a violation of Oklahoma securities laws by showing that defendants were in possession of funds that belonged to other investors)). The SEC argues that the court in In re Matthews had no difficulty concluding that a disgorgement judgment against a nominal defendant was "for" a violation of the securities laws within the meaning of § 523(a)(19).[1] Id. at 15-

---

[1] In that case, the debtors were alleged to have knowingly participated in a Ponzi scheme by allowing money to be funneled through their checking accounts. Mot., Ex. 1 at 2-3. The defendants denied participating in the scheme but were nevertheless convicted of unjust enrichment in violation of the Oklahoma Uniform Securities Act of 2004, which permits disgorgement from "those other than actual violators of the Act." Id. at 4. The bankruptcy court held that the debtors' debt was not dischargeable pursuant to § 523(a)(19), regardless of their involvement in the scheme, because the violation was based
(continued...)

16.

The language and evident purpose of § 523(a)(19) suggest that the section applies here to render Sherman's debt nondischargeable. The Sarbanes-Oxley Act was enacted to "protect investors by improving accuracy and reliability of corporate disclosures made pursuant to the securities laws" and ensure the full effectuation of the remedial purposes of the federal securities laws. Reading a limitation into the SEC's ability to enforce its powers to obtain disgorgement of ill-gotten funds in an appropriate case pursuant to § 523(a)(19) would frustrate the ability of the SEC to enforce the federal securities laws. There is no question on this record and in light of the Ninth Circuit's decision in this case, that Sherman was properly ordered to make restitution of funds he obtained that were derived from a violation of federal securities laws, and that this remedy is available to the SEC for such violations. If Sherman's construction of the Act were accepted, persons who would otherwise be liable to make disgorgement of funds derived from a securities law violation would be able to avoid their debts by filing for protection under the bankruptcy laws. The Court notes that the language of §523(a)(19) does not by its terms limit its application to persons who have been accused or found guilty of violations of the securities laws. 11 U.S.C. § 523(a)(19) ("A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . that . . . is for . . . the violation of any of the Federal securities laws."). The Court finds persuasive an analogy from the law governing trusts. Sherman occupies a position as a constructive trustee of the funds he received that were taken from investors in violation of the federal securities laws. While he did not take the funds wrongfully, he lost the right to hold them and was ordered to make restitution of those funds. It is well established that a trustee cannot avoid his obligation to return funds he held in trust for a third party by filing for

---

[1](...continued)
on the Oklahoma securities laws, which do not require proof of any wrongful intent. Id.

bankruptcy.[2] <u>Begier v. I.R.S.</u>, 496 U.S. 53, 59 (1990) ("Because the debtor does not own an equitable interest in property he holds in trust for another, that interest is not 'property of the [bankruptcy] estate.'").

### V. CONCLUSION

In accordance with the foregoing, the Court hereby REVERSES the Bankruptcy Court's discharge of appellee's debt pursuant to this Court's disgorgement order.

IT IS SO ORDERED.

Dated: May 14, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

---

[2] If Sherman were correct, one party could violate the securities laws and transfer the proceeds derived from the violation to a third party who could insulate those funds from disgorgement by filing for bankruptcy. It does not appear to the Court that Congress intended in enacting the Sarbanes-Oxley Act that an obligation to disgorge funds obtained in violation of the law could be voided by such a transfer.